ams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-40027-01-JAR |
| ) | |
| JORGE OLIVARES-CAMPOS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER DISMISSING CASE**

On April 6, 2005, the Indictment in this case was filed against defendant (Doc. 2) and on April 12, 2005, he was arrested and arraigned. Also on April 12, 2005, appointed counsel Kirk Redmond entered his appearance on behalf of defendant. After a detention hearing on April 15, 2005, defendant was ordered detained and his trial date was set for May 23, 2005.

After seeking a number of extensions of time for filing motions, a change of plea hearing was ultimately set for September 26, 2005 (Doc. 28). The next day, the Court entered an Order to Withdraw as Counsel, allowing Mr. Redmond to withdraw from the case (Doc. 29). On February 3, 2006, Ira Dennis Hawver entered his appearance on behalf of defendant (Doc. 30). Mr. Hawver represents that he was retained. At the end of his Motion to Suppress All Evidence Obtained as a Result of the Illegal Search of the Truck and Illegal Detention of the Defendant (Doc. 35), filed on April 25, 2006, defendant requests the case be dismissed due to a violation of his right to a speedy trial. On the eve of the motions hearing in this matter on May 22, 2006, the government responded and opposes the motion (Doc. 37).

Under the Speedy Trial Act, the defendant must be tried within seventy days from the date of arrest, the filing of the indictment or information, or the initial appearance, whichever is later.[1] Failure to bring a defendant to trial within this time period requires dismissal of the indictment with or without prejudice.[2] However, the Act provides for a number of periods that may be excluded from the seventy days, including delay due to pretrial motions up to the date of a motions hearing and for thirty days during which any proceeding is under advisement by the Court.[3] When filing a motion to dismiss an indictment due to a speedy trial violation, "[t]he defendant shall have the burden of proof of supporting such motion."[4] Here, defendant argues that the indictment should be dismissed because defendant was without counsel for a period of 128 days, during which no excludable delay is applicable. The government contends that there is no speedy trial violation because defendant himself caused the delay by not retaining new counsel in a timely manner.

Although it was defendant's decision to ask his first attorney to withdraw, the government cites no authority for the proposition that delay in retaining replacement counsel is excludable.[5] Certainly, there is no provision for such excludable delay in the Act.[6] There was no

---

[1] *See* 18 U.S.C. § 3161(c).

[2] 18 U.S.C. § 3162(a)(2).

[3] 18 U.S.C. § 3161(h).

[4] 18 U.S.C. § 3162(a)(2).

[5] There is no explanation in the record as to why new counsel was not appointed, as Mr. Redmond had been. Even if the defendant had exercised delay, it does not appear that it was his responsibility to retain counsel in this matter.

[6] The government directs the Court to two cases outside the Tenth Circuit: *United States v. Young*, 593 F.2d 891, 892 (9th Cir. 1979) and *United States v. Murphy*, 241 F.3d 447 (6th Cir. 2001). Both cases are inapposite. *Young* considered the defendant's constitutional right to a speedy trial with regard to delays occasioned by his request for new counsel. Because the length of the delay was not "presumptively prejudicial" under a constitutional

period of excludable delay during the time period between the Court's Order allowing Mr. Redmond to withdraw and Mr. Hawver's appearance in this matter.  That period of time far exceeded seventy days, and as a result, the case must be dismissed.

When dismissing an indictment based on a violation of the Speedy Trial Act, the Court must determine whether to dismiss the case with or without prejudice.  The Court must consider, "among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of justice."[7]  The Court finds that these factors all weigh in favor of dismissal without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's request to dismiss in his Motion to Suppress All Evidence Obtained as a Result of the Illegal Search of the Truck and Illegal Detention of the Defendant (Doc. 35) is **granted**.  **The case is dismissed without prejudice**.

**IT IS SO ORDERED**

Dated this  25th  day of May 2006.

    S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**

---

analysis, the Court decided it need not consider whether other factors in determining the violation.  *Young*, 593 F.2d at 892.  In contrast, *Murphy* did consider a violation of defendant's statutory right to a speedy trial.  However, in that case, there was excludable delay resulting from a pretrial motion.  *Murphy*, 241 F.3d at 456.  There was no such pending motion in this case during the time period in question.

[7]18 U.S.C. § 3162(a)(2).